In the Matter of the Estate of HELEN T. THIRKIELD, Deceased.

Surrogate's Court, New York County, April 17, 1934.

*John G. Daniel,* for Huldah M. C. Thirkield, as executrix, etc., of Wilbur G. Thirkield, deceased.

*White & Case* [*Dudley Miller* of counsel], for the respondents Paul F. Taylor and others.

*Clifton S. Hadley,* substituted trustee under the will of Helen T. Thirkield and attorney for himself in that capacity.

FOLEY, S. This is a construction proceeding. In a prior decision in this estate (N. Y. L. J. Jan. 11, 1934) I held that this court had jurisdiction to determine the questions of interpretation raised. Three questions of construction were submitted. As to one of the questions, I held that a determination at this time was academic. As to the other two questions, I directed the submission of briefs, which have now been filed by the parties in interest.

After bequeathing certain personal effects and pecuniary legacies, the testatrix left her entire residuary estate in trust and directed that the income received therefrom be paid to her husband, Wilbur Gammon Thirkield, during his lifetime. She appointed her husband her executor and trustee under her will. She directed that upon his death the principal of the trust should be paid to her issue, and in default of issue, to her then surviving brothers and sisters, or to the issue of any brother or sister who may have died. She died without issue on April 26, 1925, a resident of the county of New York. A brother and two sisters survived her. Her husband survived her, but died on August 22, 1932, a resident of the county of New York, leaving a will under which the petitioner, his present widow, Huldah Mae C. Thirkield, is the executrix.

The major part of the estate left by the executrix came to her under the will of her father, Ransom F. Taylor, who died a resident of Worcester county, Mass., on or about January 27, 1915. By his will he left one-third of his residuary estate in trust for the life of his widow, Virginia C. Taylor, the mother of the testatrix herein. He divided the remainder upon the death of his widow among his children, to be paid to them when they respectively arrived at the age of thirty years. He devised the other two-thirds of his estate in trust for his children and gave each an equal share of the principal upon reaching thirty. All of his children are now past the age of thirty. The testatrix attained that age on November 28, 1915, and thus became entitled to a vested remainder in one-fourth of the principal of the trust fund held for the life of the widow of Ransom F. Taylor, who is still alive. Under an agreement, dated January 14, 1922, entered into between three of the children of Ransom F. Taylor (including the testatrix herein) and the trustees of the Taylor estate, their share of the

two-thirds of the estate devised to them, which had vested, was to be continued to be held in trust by the trustees until 1937, under the same terms as contained in the original trust created by their father, Ransom F. Taylor.

While the court in its prior decision authorized the submission by counsel of briefs on only two of the questions raised, counsel for the executrix of the estate of Wilbur Gammon Thirkield again urges that the question held to be academic be passed upon by the court below. I can see no reason to change my original determination in that respect. A general determination at this time that the deceased husband of the testatrix was entitled to a portion of the net income withheld under the terms of the trust of two-thirds of the estate for the children of the testator and pursuant to the agreement executed by them, dated January 14, 1922, would be futile. A sale of the real estate constituting the trust has not taken place and until such sale there is no ascertainable pecuniary basis upon which to compute it.

The questions of construction to be determined, therefore, are (1) as to the right of the estate of the deceased husband of the testatrix to receive income for the period beginning April 26, 1925, the date of death of the testatrix, and ending August 22, 1932, the date of her husband's death, upon the vested remainder of the trust held for the life of the widow of Ransom F. Taylor; and (2) the right of the estate of the deceased husband to receive reimbursement of interest charged against his income from the estate of the testatrix upon advances made to him, as executor of his wife's estate, by the trustees under the will of Ransom F. Taylor and under the agreement of January 14, 1922.

(1) I hold that the claim of the deceased husband's estate to income on the share of the remainder in the one-third of the trust held for the life of Virginia C. Taylor, which vested in the testatrix at the age of thirty, is without foundation. The trust for Virginia C. Taylor is still in effect. The entire income of the trust fund is payable under the terms of the Taylor will to his widow during her lifetime. I hold, as a matter of law, that the gift of a vested remainder in trust does not entitle a life beneficiary, under a vested remainderman's will, to income on the remainder interest. The income is necessarily absorbed by the life beneficiary of the original trust and the life beneficiary under the remainderman's will takes just what was devised or bequeathed — income when earned. The testatrix was entitled to no income from this trust or to any part of the principal thereof until the death of her mother. The beneficiary, under the testatrix's will, had no greater right to the income than had the testatrix herself. Since the testatrix

predeceased the life beneficiary of the trust under the Taylor will, her vested remainder in the principal of such trust is now vested in those persons named as remaindermen in her own will.

*Lawrence* v. *Littlefield* (215 N. Y. 561) and *Furniss* v. *Cruickshank* (230 id. 495), urged here as authority for the payment of income upon a vested remainder, have no application. They were decided upon the special circumstances found in those cases and the obvious intent of the testators there to effect an equitable conversion of the unproductive real estate in order to provide an income for the life beneficiaries during the periods of the trusts. The situation here is no different from the ordinary case of a trust of productive real estate which temporarily yields no income, or a gift, in trust, of securities, such as stocks, bonds or mortgages which produce no dividends, or pay no interest. There can be found in the will under consideration here no indication that the vested remainder should be sold and income upon the proceeds paid to the life beneficiary under the will of the testatrix. On the contrary, there is a clear direction in the will that the life beneficiary be paid only the income " *received* " (italics mine) from the trust of the residuary estate. No income, of course, was *received* from the trust in which the testatrix had a vested remainder.

(2) I hold that the estate of the deceased husband is not entitled to be reimbursed in the sum of $20,109.93, for the payments of interest which he made as executor and trustee under the will of the testatrix to the trustees under the Taylor will and under the above-mentioned agreement. It appears that in order to pay the debts, transfer taxes and the balance of the legacies under the will of the testatrix, in full, it would have been necessary to sell securities of the estate of the value of $76,230.13. Instead, the executor secured a loan in that amount from the trustees of the Taylor estate which was charged by them against the interest of the estate of the testatrix in the trust under the will. The aggregate value of the testatrix's residuary estate at the date of her death was fixed at $950,915.58. Had the executor under her will sold sufficient of the assets to produce the sum of $76,230.13, the residuary estate would have been reduced by that amount to the sum of $874,685.45. Wilbur Gammon Thirkield received, as life beneficiary, the income produced by the net residue of $874,685.45, there having been deducted from the income earned and payable from the entire net residue of $950,915.54, an amount equal to five per cent per annum on the difference — $76,230.13. The rule applicable here is an elementary one. In many cases it becomes necessary for the executors to borrow money on mortgage on estate realty. The interest on the mortgage is properly deductible

from the gross income in order to arrive at the net income due the life tenant. Again, in the case of personal property, for example, securities, the executors may elect to hold the securities and to borrow sufficient moneys to pay debts, prior legacies, taxes or administration expenses. The interest on the loan is a proper deduction from the gross income of the trust and the life tenant is entitled to the net income only. The interest charges were, therefore, properly deducted, and the estate of the deceased husband of the testatrix may not be reimbursed therefor.

Submit decree on notice construing the will accordingly.